IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Elizabeth Ann Rutland, | ) | C. A. No. 2:09-3263-RSC |
| Plaintiff, | ) | |
| -versus- | ) | **O R D E R** |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District and on consent of the parties. 28 U.S.C. § 636(c)

The plaintiff, Elizabeth Ann Rutland, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

On June 20, 2006, the plaintiff filed an application for disability insurance benefits alleging she became disabled on September 2, 2005, due to morbid obesity, degenerative disc disease of the lumbar spine, fibromyalgia, a bipolar disorder, an anxiety disorder with agoraphobia, irritable bowel syndrome (IBS), and osteoarthritis of the bilateral knees. The application was denied initially and on reconsideration by the

Social Security Administration. The plaintiff filed a request for a hearing on December 8, 2006. The administrative law judge before whom the plaintiff appeared with counsel, a vocational expert, Mario A. Patella (Tr. 26-72), considered the case de novo, and on March 16, 2009, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 15-25). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on November 21, 2009.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since September 2, 2005, the alleged onset date (20 CFR 404.1572 et. seq.).
>
> 3. The claimant has the following severe impairments: morbid obesity, degenerative disc disease of the lumbar spine, fibromyalgia, a bipolar disorder, an anxiety disorder with agoraphobia, irritable bowel syndrome (IBS), and osteoarthritis of the bilateral knees (20 CFR 404.1521 et. seq.). ...
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526). ...
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as

2

defined in 20 CFR 404.1567(b) with the following
restrictions: no lifting and/or carrying over 20
pounds occasionally and 10 pounds frequently; no
more than occasional stooping, balance, twisting,
crouching, kneeling, and climbing of stairs or
ramps; no crawling or climbing of ladders or
scaffolds; while performing only simple routine
tasks in a lower stress environment with no
required interaction with the public. ...

6. The claimant is capable of performing past
relevant work as a slitter [781.684.054] in which
she performed unskilled duties requiring light
exertional demands. This work does not require
the performance of work-related activities
precluded by the claimant's residual functional
capacity (20 CFR 404.1565 and 416.965). ...

7. The claimant was born on May 6, 1968, and was
37 years old, which is defined as a young
individual age 18-49, on the alleged disability
onset date (20 CFR 404.1563).

8. The claimant has at least a high school
education and is able to communicate in English
(20 CFR 404.1564).

9. Transferability of job skills is not material
to the determination of disability because using
the Medical-Vocational Rules as a framework
supports a finding that the claimant is "not
disable," whether or not the claimant has
transferable job skills (See SSR 82-41 and 20 CFR
Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education,
work experience, and residual functional capacity,
there are jobs that exist in significant numbers
in the national economy that the claimant can
perform (20 CFR 404.1569 and 404.1569a). ...

11. The claimant has not been under a disability,
as defined in the Social Security Act, from
September 2, 2005, through the date of this
decision (20 CFR 404.1520(g)).

Tr. 17-25.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits

shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial

evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (*citing* Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

**ARGUMENTS PRESENTED**

By brief the plaintiff presented the following five arguments:

> 1. The administrative law judge committed reversible error by not ruling on limitations as a result of Plaintiff's irritable bowel syndrome.
>
> 2. The administrative law judge committed reversible error by not crediting the opinion of Plaintiff's treating psychiatrist, Dr. Bragdon.
>
> 3. The administrative law judge erred when he failed to address the functional limitations Plaintiff had as a result of the severe impairments he found.
>
> 4. The administrative law judge's reliance on the grids was in error.
>
> 5. The administrative law judge erred in concluding Plaintiff could return to her past relevant work as a slitter.

## A SEVERE IMPAIRMENT'S IMPACT ON THE RESIDUAL FUNCTIONAL CAPACITY ANALYSIS

The plaintiff first argued that the administrative law judge concluded that Plaintiff's testimony as to the frequency and severity of her severe impairment of IBS, she was not fully credible. Then to support his conclusion, the administrative law judge did not cite to any specific evidence in the record. Rather, the administrative law judge concluded the severity of Plaintiff's subjective symptoms were inconsistent with the "residual functional capacity assessment above". Tr. at 20.

The Social Security Administration's regulations provide that the evaluation of subjective symptoms is the same as evaluating a claimant's subjective allegations of pain. 20 C.F.R. § 416.929(c)(4) provides:

> In determining the extent to which your symptoms, such as pain, affect your capacity to perform basic work activities..., we consider all of the available evidence described in paragraphs (c)(1) through (c)(3) of this section. We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled.
> We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating or nontreating source or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities...to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted

>     as consistent with the objective medical evidence
>     and other evidence.

20 C.F.R. § 416.929(c)(4).

In discussing the subjective symptoms of pain, the Fourth Circuit has held that in assessing credibility and complaints of pain, the administrative law judge must: (1) determine whether there is objective evidence of an impairment which could reasonably be expected to produce the pain alleged by a plaintiff and, if such evidence exists, (2) consider a claimant's subjective complaints of pain, along with all of the evidence in the record. Craig v. Chater, 76 F.3d 585, 591-92 (4th Cir. 1996); Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994). Under 20 C.F.R. 416.929(c)(4), a claimant's credibility regarding subjective symptoms should be treated under the same standard as the pain standard.

## TREATING PHYSICIAN RULE

Second, the plaintiff argued that the administrative law judge concluded that Dr. Bragdon's opinion that Plaintiff's bipolar disorder and anxiety disorder met listings 12.04 and 12.06 was not supported by the record.

The Fourth Circuit has long applied a "treating physician rule," under which the opinion of a claimant's treating physician will be given great weight. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). While the Commissioner is not bound by the opinion of a claimant's treating physician, "that opinion is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a

7

prolonged period of time, and it should be disregarded only if there is persuasive contradictory evidence." Michell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). Additionally, 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) both provide, "[i]f we find that a treating source's opinion on the issue(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, we will give it controlling weight." The opinion is assessed under a series of factors set out in the regulations, including the length, nature, and extent of the relationship; the extent to which the physician explains the evidentiary support for his opinion; the consistency of the physician's statements; and whether or not the physician is a specialist. 20 CFR § 404.1527(d).

### FUNCTIONAL LIMITATIONS OF PLAINTIFF'S SEVERE IMPAIRMENTS

Third, the plaintiff contended that the administrative law judge did not address functional limitations that result from each of Plaintiff's physical and emotional problems, concluding only that these problems limited her to light exertion, with a low stress environment and no ongoing interactions with the public. (Tr. at 24.)

The Secretary has defined a severe impairment or combination of impairments as those which significantly limit an individual's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 1521(a) (1988).

## THE GRIDS AND THE VOCATIONAL EXPERT

Fourth, Plaintiff also argues that the administrative law judge committed reversible error by using the Medical-Vocational Guidelines ("Grids") to direct a finding that she is not disabled.

## **DISCUSSION**

At oral arguments, all parties recognized that the administrative decision before the court is flawed.

Specifically, it was recognized that the administrative law judge failed to properly evaluate the plaintiff's claim under step three of the sequential evaluation, that is the listing of impairments, or step four, assessment of residual functional capacity and past relevant work. 20 C.F.R. § 404.1520

With regard to the listing of impairments, the administrative law judge erred in his evaluation of Listing 12.04(B). He apparently conceded that the plaintiff's condition met paragraph A and only discussed paragraph B. The introduction to § 12.04 and B provide:

> 12.04 Affective disorders: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
> \*\*\*\*\*\*\*\*
> B. Resulting in at least two of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or

9

>           3. Marked difficulties in maintaining
>           concentration, persistence, or pace; or
>           4. Repeated episodes of decompensation, each of
>           extended duration;

20 C.F.R. 404, Subpart P, Appendix 1, § 12.04

He found paragraph B criteria was not met, "[b]ecause the claimant's mental impairments do not cause at least two "marked" limitations or one "markedz' limitation and "repeated" episodes of decompensation, each of extended duration . . ." (Tr. 19). The Administrative Law Judge does not discuss how he reached that conclusion.

A review of the medical evidence reveals only two medical sources touching on the subject of the Paragraph B criteria.

Dr. William Bragdon, Senior Psychiatrist(certified)indicated on January 16, 2007, that as a result of the plaintiff's Bipolar syndrome she had:

>           Marked restrictions of daily living (it is unclear
>           how much of this is related to claimant's bipolar
>           symdrome and how much is related to her other
>           medical co-morbid conditions);
>           Marked difficulties in maintaining social
>           functioning;
>           Marked difficulties in maintaining concentration,
>           persistence, or pace;
>           Repeated episodes of decompression, each of
>           extended duration.

(Tr. 398).

Likewise the plaintiff's treating counselor at the Lexington County Community Health Center reported marked restrictions of daily living, and marked difficulties in maintaining social functioning and maintaining concentration, persistence, or pace. (Tr. 414).

10

On August 15, 2006, Dr. Marianna Maldonado described the plaintiff's work-related limitations due to a mental condition as moderate on a scale of none, mild, moderate, severe.

While the Administrative Law Judge does not explain his conclusion with regard to the Listing of Impairments, he does explain later in his opinion that he accorded little weight to the psychiatrist reports because there was persuasive contradictory evidence. Specifically, he referenced a series of computer generated reports which are clearly incomplete and indicate the plaintiff had no mental or physical impairments. (See, Tr. 534, et seq.). These computer reports are explained as being the result of the attending health care professional's failing to check any conditions other than the one the plaintiff was being seen for, i.e. influenza, so that a "no report" caused the computer to default to a report of within normal limits. (Tr. 9). The reliance on these reports is misplaced and the explanation for the finding that the plaintiff's condition does not meet or equal a listed impairment is inadequate.

Turning to the administrative law judge's assessment of the plaintiff's residual functional capacity and past relevant work, finding 6 is relevant and reads in full as follows:

> 6. The claimant is capable of performing past relevant work as a slitter [781.684-054] in which she performed unskilled duties requiring light exertional demands. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
> In comparing the claimant's residual functional capacity with the physical and mental demands of

11

>           this work, I find that the claimant is able to
>           perform it as generally performed.

Tr. 24.

Social Security Ruling 82-62 states the policy and explains the procedures for determining a claimant's capacity to do past relevant work as set forth in the regulations.

> The rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.
>
> The file will contain all the pertinent information which respect to the medical aspects of the case as well as the nonmedical facts.
>
> The explanation of the decision must describe the weight attributed the pertinent medical and nonmedical factors in the case and reconcile any significant inconsistencies. Reasonable inferences may be drawn, but presumptions, speculations and suppositions must not be used.
>
> A decision that an individual is not disabled, if based on sections 404.1520(e) and 416.920(e) of the regulations, must contain adequate rationale and findings dealing with all of the first four steps in the sequential evaluation process.
>
> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> A finding of fact as to the individual's RFC.
>
> A finding of fact as to the physical and mental demands of the past job/occupation.
>
> A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-6.

Here there are no findings of fact as to the physical and mental demands of the plaintiff's past relevant work. Indeed except for the mention of the work on Tr. 24 as part of finding 6, the plaintiff's prior work is not mentioned in the administrative law judge's opinion. The opinion is hardly a rationale which shows clearly how specific evidence leads to a conclusion.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, the decision of the Commissioner is reversed and this action is remanded to the Commissioner for a full and fair evaluation of the plaintiff's entitlement to benefits including consideration of the Listing of Impairments and whether the plaintiff can return to past relevant work and a written decision which provides a rationale explaining clearly how specific evidence leads to the conclusions adopted by the Commissioner.

**IT IS SO ORDERED.**

*/s/ Robert S. Carr*
ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina
October 19, 2010